IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CARLOS RAY FRAZIER,                                                                                  PLAINTIFF
#650936

v.                                              4:22-cv-00641-BRW-JJV

CRAIG, Lieutenant,
Jefferson County Sheriff's Office; *et al.*                                                         DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.   DISCUSSION**

Carlos Ray Frazier ("Plaintiff") is a pretrial detainee at the Brassell Detention Center. He has filed a Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants Lieutenant/Sheriff Craig, Head Sheriff Woods, Captain Adams, and Chief Gorman did not allow him to attend his father's funeral, and they did so to retaliate against him for filing an unspecified lawsuit. (Doc. 2.) After careful consideration and for the following reasons, I recommend the Complaint be dismissed

without prejudice for failing to state a claim upon which relief may be granted.[1]

Plaintiff has sued Defendants in their official and personal capacities. The official capacity claims "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Jefferson County cannot be held vicariously liable for Defendants' actions in a § 1983 lawsuit. *Id.* Instead, Jefferson County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.,* 829 F.3d 695, 699 (8th Cir. 2016). Because the Complaint does not contain any such facts, Plaintiff has not pled a plausible official capacity claim.

Plaintiff has failed to plead plausible personal capacity claims for two reasons. First, Plaintiff did not have a constitutional right to be furloughed to attend his father's funeral. *See Nash v. Black*, 781 F.2d 665, 668 (8th Cir. 1986); *Rathers v. Raney*, No. 99-627, 2000 WL 1871702, *2 (6th Cir. Dec. 13, 2000); *Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir. 1994); *Greathouse v. Wilson*, No. 2:22-CV-00001, 2022 WL 1262488, at *6 (E.D. Mo. Apr. 28, 2022); *McDonald v. Golden*, No. 1:17-CV-00066, 2018 WL 4001278, at *3 (E.D. Ark. July 24, 2018); *recommendation adopted*, No. 1:17-CV-66-DPM, 2018 WL 3999699 (E.D. Ark. Aug. 21, 2018). Second, to plead a plausible retaliation claim, there must be facts suggesting: (1) Plaintiff engaged in constitutionally protected activity, (2) Defendants took adverse action against him that would

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *De Rossitte v. Correct Care Sols., LLC.,* 22 F.4th 796, 804 (8th Cir. 2022). Plaintiff says he was retaliated against for filing a lawsuit, which is protected activity. *See Beaulieu v. Ludeman,* 690 F.3d 1017, 1025 (8th Cir. 2012). But he does not say Defendants Craig, Woods, Adams, and/or Gorman were defendants in that prior lawsuit or that they otherwise had a motive to retaliate against him, which is the third essential element of a plausible retaliation claim. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019) (retaliation claim failed where there were no facts connecting the defendants to the adverse challenged actions); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (§ 1983 liability requires a causal link to, and direct responsibility for, the alleged deprivation of constitutional rights). Thus, Plaintiff has not pled any plausible personal capacity claims.

Importantly, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty days to file an Amended Complaint curing them, and cautioned him I would recommend dismissal if he failed to do so within thirty days. (Doc. 5.) The time to comply with my instructions has expired, and Plaintiff has not done so.

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28

U.S.C. § 1915(g).[2]

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

    DATED this 12th day of September 2022.

                                                                   _____
                                                                   JOE J. VOLPE
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."